UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **BRITNEY LEE**, | : |
| *Individually and on behalf of All Others Similarly Situated*, | : Civil Action No. _____ |
| Plaintiff(s), | : |
| v. | : |
| **FAIRFAX COLON & RECTAL SURGERY, P.C.** 2710 Prosperity Ave., Ste. 200, Fairfax, VA 22031 | : |
| Serve:  R/A **Donald Colvin MD** 2710 Prosperity Ave., Ste. 200 Fairfax, VA 22031 | : **JURY TRIAL DEMANDED** |
| Defendant. | : |

## COMPLAINT

COMES NOW, the Plaintiff Britney Lee ("Plaintiff"), by and through her undersigned counsel, and moves this Honorable Court for judgment against the Defendant, Fairfax Colon & Rectal Surgery, P.C. ("Defendant"), for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA"). Plaintiff states the following as her claims against Defendant:

## OVERVIEW

1.  Plaintiff brings claims to recover unpaid overtime compensation under the FLSA. She brings these claims on her own behalf, and as a collective action on behalf of all current or former similarly situated medical receptionists, who may choose to opt into this action under 29

1

U.S.C. § 216(b).

2. As described below, Defendant failed to pay Plaintiff and those similarly situated 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek. By doing so, Defendant has violated the FLSA.

## PARTIES

1. Plaintiff is, and at all times relevant hereto has been, an adult resident of the Commonwealth of Virginia, specifically residing in Stafford, Virginia.

2. Plaintiff was a former employee of Defendant as a medical receptionist from approximately July 1, 2018 through April 1, 2022.

3. Pursuant to 29 U.S.C. § 216(b), Plaintiff consents in writing to be a party to the FLSA claims asserted. Plaintiff's consent form is attached as **Exhibit A** and incorporated herein by such reference.

4. Plaintiff and those similarly situated are or were employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

5. Defendant is a Professional Stock Corporation incorporated in and existing under the laws of the Commonwealth of Virginia, State Corporation Commission Entity ID 03740990. Defendant's principal office is located at 2710 Prosperity Ave., Ste. 200, Fairfax, VA 22031, located in Fairfax County, Virginia.

6. Defendant is listed on Plaintiff's pay stubs.

7. Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produce for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or

business done of not less than $500,000.00 at all relevant times hereto.

8.  At all times, Defendant decided to not pay Plaintiff and other similarly situated employees at the FLSA required time-and-one-half rate for overtime hours employees worked over forty (40) each week.

9.  At all relevant times hereto, Defendant has been an "employer" of both Plaintiff and those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. Plaintiff and those similarly situated were individual employees engaged in commerce or in the production of goods or services for commerce pursuant to 29 U.S.C. § 207.

11. Plaintiff worked principally in Fairfax County, Virginia while working as an employee of Defendant.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because Plaintiff's claims arise under the FLSA.

13. This Court has personal jurisdiction over Defendant because Defendant is registered as a business entity in Commonwealth of Virginia, and regularly conducts business in the Commonwealth of Virginia.

14. Venue is proper in this District and Division under 28 U.S.C. § 1391(b), as Defendant resides in this District and Division (Fairfax County), and 28 U.S.C. § 1391(b)(2), the latter because a substantial part of the events giving rise to the claims occurred in this District and Division.

## STATEMENT OF FACTS

15. Plaintiff and those similarly situated work or worked for Defendant as medical receptionists who are in large part were patient front-facing and managed patient schedules, typical

non-exempt duties of any receptionist.

16. Defendant knowingly caused and permitted Plaintiff and those similarly situated to regularly work more than forty (40) hours in workweeks.

17. At all times, Defendant decided to not pay Plaintiff and other similarly situated employees at the FLSA required time-and-one-half rate for overtime hours employees worked over forty (40) hours each week.

18. Specifically, Plaintiff and other similarly situated employees were scheduled to work for Defendant from 8:00 a.m. through 4:30 p.m. with a 30 minute, unpaid lunch break to occur during the scheduled time. However, Plaintiff and other similarly situated employees always worked through the purported lunch break as a practice of Defendant was to require patients to come in thirty (30) minutes early for their appointments. This practice of Defendant led to its medical receptionists, including Plaintiff and other similarly situated employees, to work through their purported unpaid lunch break without compensation. As a result, Plaintiff and other similarly situated employees did not receive 2.5 hours of overtime every week.

19. During her employment with Defendant, Plaintiff was only paid for forty (40) hours of employment per week, with minimal variance (e.g., .25 hour on occasion deduction for tardiness). Plaintiff and other similarly situated employees were never paid overtime.

20. Defendant instituted this payroll scheme in an attempt to circumvent paying overtime. As such, this was an intentional and institutionalized structure.

21. At all times, Defendant has had actual knowledge of all hours Plaintiff worked because: (1) Plaintiff informed Defendant of its failure to pay her and other medical receptionists for the additional thirty (30) minutes worked each day and they were unable to take an actual lunch break; (ii) another medical receptionist complained of the same issue to Defendant and Plaintiff in

4

January 2022; (iii) Defendant ordered a "lunch sign" to be placed in front of medical receptionists desks in January 2022 when they took a break, with such "lunch sign" being rescinded in April 2022 as it was often unused given Defendant's continued scheduling practices; and (iv) Plaintiff threatened to quit in January 2022 as a result of the failure to be compensated during her purported lunch break but remained employed through April 2022 as Defendant provided Plaintiff a raise from $18.00 per hour to $20.00 per hour.

22. Plaintiff and those similarly situated were not compensated in accordance with the FLSA because they were not paid proper overtime wages and the required time-and-one-half rate for all hours more than forty (40) per workweek.

23. Specifically, rather than paying them at the time-and-one-half rate for all hours worked over forty (40) in a workweek, which is required by the FLSA, Defendant only paid Plaintiff and those similarly situated for forty (40) hours per week, or less, regardless of whether Plaintiff or those similarly situated worked overtime hours in excess of forty (40) hours in a given workweek (e.g., worked through their lunch break as a result of Defendant's forced scheduling practices). *See* 29 U.S.C. § 207.

24. Plaintiff worked through every lunch break, unless on an extremely rare occasion when the doctors left early. Plaintiff alone is owed, at minimum, around $18,900.00, exclusive of liquidated damages. This amount was calculated using 700 business days at $27.00 per day for the business days spanning from June 3, 2019 (three years from the date this Complaint was filed) through April 1, 2022 (Plaintiff's last day of employment). $27.00 per day was calculated at $18.00 per hour multiplied by time-and-a-half ($18.00 x 1.5 = $27.00). This amount does not take into consideration Plaintiff's pay raise to $20.00 per hour.

25. At all times during Plaintiff's period of employment, Defendant knew or should have

known about the FLSA time-and-one-half overtime rate requirement.

26. Defendant knew or should have known that its failure to pay Plaintiff and those similarly situated at the FLSA required time-and-one-half rate for overtime hours worked more than (40) per week constituted a direct violation of the FLSA overtime pay requirement.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this action individually and on behalf and all similarly situated individuals.

28. Plaintiff seeks certification of the following FLSA collective:

> All current or former medical receptionist, or other similar job titles, who work or have worked for Defendant, and, at any time during the three years prior to the filing of this Complaint through the entry of judgment, worked more than forty (40) hours in a week and were not paid by Defendant at the time-and-one-half rate for overtime hours worked more than forty (40) in that week (the "FLSA Collective").

29. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at a rate of time-and-one-half an employee's regular rate of pay for hours worked over forty (40) in a workweek.

30. Since July 2018, Plaintiff and those similarly situated has or have worked more than forty (40) hours per workweek for Defendant without receiving proper overtime compensation for their overtime hours worked during their unpaid lunch breaks.

31. Because of Defendant's failure to pay Plaintiff and those similarly situated the overtime compensation required by law, Defendant has violated the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

32. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked by employees over forty (40) per workweek.

## CAUSE OF ACTION

### UNPAID OVERTIME WAGES
### FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq*.
(On Behalf of Plaintiff and the FLSA Collective against Defendant)

33.     Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all paragraphs of this Complaint.

34.     Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at a time-and-one-half rate of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

35.     Pursuant to the FLSA, 29 U.S.C. § 213, at all relevant times, Plaintiff and those similarly situated were not "exempt employees" under the FLSA.

36.     Defendant suffered and permitted Plaintiff and those similarly situated to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq*. and its implementing regulations.

37.     Defendant knew, or showed reckless disregard of the fact, that it failed to pay these individuals proper overtime compensation in violation of the FLSA.

38.     Defendant's failure to comply with the FLSA overtime protections caused Plaintiff and those similarly situated to suffer loss of wages and interest thereon.

39.     Plaintiff and those similarly situated are entitled to unpaid overtime, liquidated damages, pre and post judgment interest, and attorney fees and costs, under the FLSA.

### DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial for all issues triable by jury, including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

## **RELIEF SOUGHT**

**WHEREFORE**, the premises considered, Plaintiff, individually and on behalf of those similarly situated, respectfully prays for relief as follows:

A. An order permitting this case to proceed as a collective action under 29 U.S.C. § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

B. Judgement against Defendant for violation of the overtime provisions of the FLSA;

C. Judgment that Defendant's violations of the FLSA were willful;

D. An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

E. An award of pre- and post- judgment interest;

F. An award of reasonable attorneys' fees and costs to be determined by post-trial petition;

G. Leave to add additional plaintiffs by motion, filing of written consent forms, or any other method approved by the Court; and

H. Such further relief as the Court deems necessary and appropriate.

Dated: June 3, 2022                    Respectfully submitted,

                                       By Counsel

                                       /s/ _ Robert Powers_____
                                       Robert Powers (VSB No. 80822)
                                       Steven Anderson (VSB No. 93037)
                                       MCCLANAHAN POWERS, PLLC
                                       8133 Leesburg Pike, Suite 130
                                       Vienna, VA 22182
                                       Telephone: (703) 520-1326
                                       Facsimile:  (703) 828-0205
                                       Email: rpowers@mcplegal.com
                                              sanderson@mcplegal.com
                                              vcaballero@mcplegal.com

8

*Counsel for Plaintiff and the FLSA Collective*

## **CERTIFICATE OF TRANSMISSION**

I hereby certify that the forgoing COMPLAINT with EXHIBITS are being electronically transmitted via the CM/ECF system of the U.S. District Court for the Eastern District of Virginia at https://ecf.vaed.uscourts.gov/ on the date noted below. The requisite filing fee of $400.00 and any additional fees related to this matter are being charged to an American Express credit card concurrently with this filing.

Date: June 3, 2022                                                         By:/s/   Robert Powers_____
                                                                                         One of the Attorneys for Plaintiff
                                                                                         and the FLSA Collective